# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | | |
|---|---|---|
| **NICHOLAS GILMAN, Individually** | : | |
| 322 4th Street, SE | : | |
| Washington, DC 20003, | : | |
| | : | |
| And | : | |
| | : | |
| **DEBORAH GILMAN, Individually,** | : | |
| 322 4th Street, SE | : | |
| Washington, DC 20003, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:19-cv-01021-DKC |
| | : | |
| **GEOFFREY COLBY, M.D.** | : | |
| **UCLA Neurosurgery** | : | |
| **300 Stein Plaza, Wasserman Bldg., Suite 420** | : | |
| **Los Angeles, CA 90095,** | : | |
| | : | |
| And | : | |
| | : | |
| **JUSTIN MICHAEL CAPLAN, M.D.** | : | |
| **The Johnson Hopkins Hospital** | : | |
| **1800 Orleans Street** | : | |
| **Baltimore, MD 21287,** | : | |
| | : | |
| And | : | |
| | : | |
| **THE JOHNS HOPKINS HOSPITAL, INC.** | : | |
| **600 N. Wolfe Street** | : | |
| **Baltimore, MD 21287,** | : | |
| | : | |
| And | : | |
| | : | |
| **THE JOHNS HOPKINS HOSPITAL** | : | |
| **600 N. Wolfe Street** | : | |
| **Baltimore, MD 21287,** | : | |
| | : | |
| Defendants. | : | |

# ANSWER TO COMPLAINT ON BEHALF OF ALL DEFENDANTS

The defendants, Geoffrey Colby, M.D., Justin Michael Caplan, M.D., The Johns Hopkins Hospital, and The Johns Hopkins Hospital, Inc., by and through their counsel, Erica C. Mudd, Esquire, and the law firm of Armstrong, Donohue, Ceppos, Vaughan & Rhoades, Chartered, and in Answer to the plaintiffs' Complaint filed in the above-captioned matter, state, as follows:

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against the defendants upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

## THIRD DEFENSE

Plaintiffs' claims are barred in full by the plaintiffs' primary and/or contributory negligence.

## FOURTH DEFENSE

Plaintiffs' claims are barred by the plaintiffs' assumption of risk.

## FIFTH DEFENSE

The injuries and damages, if any, alleged to have been suffered or incurred by the plaintiffs were the results of the actions and/or omissions of persons or entities for which these defendants, and their agents, servants, and employees, cannot be held legally responsible.

## SIXTH DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

## SEVENTH DEFENSE

Plaintiffs' claims are barred by the doctrines of accord and satisfaction.

## EIGHTH DEFENSE

Plaintiffs' claims are barred in part, or in full, by the doctrine of release.

## NINTH DEFENSE

Plaintiffs' claims are barred by the doctrine of Waiver.

## TENTH DEFENSE

This Court lacks subject matter jurisdiction over the claim pursuant to Federal Rule of Civil Procedure 12(b)(1).

## ELEVENTH DEFENSE

Plaintiffs and this claim fail to satisfy the diversity of citizenship jurisdictional requirement of 28 U.S.C. section 1332(a).

## TWELFTH DEFENSE

Plaintiffs have failed to exhaust any and all administrative remedies prior to filing their Complaint and claims against these defendants in this Court.

## THIRTEENTH DEFENSE

Plaintiffs have failed to comply with all conditions precedent, including the mandatory requirements of Maryland Code (1973, 2016 Repl. Vol.), sections 3-2A-02 and 3-2A-04 of the Courts and Judicial Proceedings Article, in advance of filing their claims against this defendant with this Court.

## FOURTEENTH DEFENSE

Defendants deny Scott Fenstermacher, M.D., was their actual or apparent agent or employee, and deny that they are vicariously liable for any negligent act(s) or omission(s) that may be attributable to Scott Fenstermacher, M.D., and to his agents, servants, and employees.

**FIFTEENTH DEFENSE**

The injuries and damages, if any, alleged by plaintiffs were the result of the actions and/or omissions of persons and/or entities for who these defendants cannot be held legally responsible.

**SIXTEENTH DEFENSE**

Defendants are entitled to all immunities afforded by law including, but not limited to, those immunities provided under Maryland Code (1976, 2013 Repl. Vol.), section 5-632 of the Courts and Judicial Proceedings Article.

In response to the specific allegations contained within the Complaint, the defendants respectfully state as follows:

**COUNT I**

1. Paragraph 1 of the Complaint contains/asserts a legal conclusion to which no response is necessary. To the extent that a response is required, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in that paragraph, and they are, therefore, denied.

2. Paragraph 2 of the Complaint contains/asserts a legal conclusion to which no response is necessary. To the extent that a response is required, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in that paragraph, and they are, therefore, denied.

3. As to Paragraph 3 of the Complaint, defendants admit that, at all relevant times, defendant, Geoffrey Colby, M.D., was a neurosurgeon who practiced neurosurgery, and pre-operative embolization procedures. As to the balance of the averments of this paragraph, defendants are without knowledge or

information sufficient to form a belief as to the truth of the averments contained in that paragraph, and they are, therefore, denied.

4. As to Paragraph 4 of the Complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in that paragraph and they are, therefore, denied.

5. As to Paragraph 5 of the Complaint, defendants admit that defendant, Johns Hopkins Hospital, was and is a medical facility. As to the balance of the averments of this paragraph, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in that paragraph, and they are, therefore, denied.

6. As to Paragraph 6 of the Complaint, defendants admit that, during Nicholas Gilman's March 26, 2015 admission to Johns Hopkins Hospital, Geoffrey Colby, M.D. and Justin Michael Caplan, M.D., were agents of defendant, Johns Hopkins Hospital. Defendants deny that Scott Fenstermacher, M.D., was an actual or apparent agent, servant, and/or employee of defendant, Johns Hopkins Hospital. As to the balance of the averments of this paragraph, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in that paragraph, and they are, therefore, denied.

7. Paragraph 7 of the Complaint is admitted.

8. As to Paragraph 8 of the Complaint, defendants admit Onyx was used as the embolization material for the procedure. Defendants deny that the procedure began at approximately 10:00 a.m., and ended at approximately 1:05 p.m. As to the balance of the averments of this paragraph, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in that paragraph, and they are, therefore, denied.

9. As to Paragraph 9 of the Complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in that paragraph and they are, therefore, denied.

10. As to Paragraph 10 of the Complaint, defendants admit that Mr. Gilman was discharged from Johns Hopkins Hospital, on March 31, 2015, which was five days following his admission to the Hospital. As to the balance of the averments of this paragraph, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in that paragraph, and they are, therefore, denied.

11. As to Paragraph 11 of the Complaint, defendants admit that, Mr. Gilman was re-admitted to Johns Hopkins Hospital on July 28, 2015, for a meningioma resection to be performed by Dr. Brem. As to the balance of the averments of this paragraph, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in that paragraph, and they are, therefore, denied.

12. As to Paragraph 12 of the Complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in that paragraph and they are, therefore, denied.

13. As to Paragraph 13 of the Complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in that paragraph and they are, therefore, denied.

14. Paragraph 14 of the Complaint is denied.

15. Paragraph 15 of the Complaint, and sub-parts 15(a) – 15(e), are denied.

16. Paragraph 16 of the Complaint is denied.

17. As to the un-numbered "wherefore" Paragraph that immediately follows Paragraph 16, defendants deny that plaintiff, Nicholas Gilman, is entitled to a judgment, and damages against them, in any amount, and they deny that plaintiff is entitled to recover any costs.

## **COUNT II**

18. As to Paragraph 17 of the Complaint, defendants adopt and incorporate by reference their answers/responses to Paragraphs 1 – 16, and the un-numbered "wherefore" Paragraph.

19. As to Paragraph 18 of the Complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in that paragraph and they are, therefore, denied.

20. Paragraph 19 of the Complaint is denied.

21. As to the un-numbered "wherefore" Paragraph that immediately follows Paragraph 19, defendants deny that plaintiff, Deborah Gilman, is entitled to a judgment, and damages against them, in any amount, and they deny that plaintiff is entitled to recover any costs.

**WHEREFORE**, the defendants, Geoffrey Colby, M.D., Justin Michael Caplan, M.D., The Johns Hopkins Hospital, and The Johns Hopkins Hospital, Inc., respectfully request that plaintiffs' Complaint be dismissed with prejudice, they respectfully demand judgment in their favor, and they further request such additional relief as this Court may deem appropriate.

Respectfully submitted,

**ARMSTRONG, DONOHUE, CEPPOS, VAUGHAN
& RHOADES, CHARTERED**

    /s/ *Erica C. Mudd, Esquire*
Erica C. Mudd, Esquire, Bar No. 17076
ecm@adclawfirm.com
204 Monroe Street, Suite 101
Rockville, MD  20850
(301) 251-0440
(301) 279-5929 fax
*Counsel for defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 28th day of May, 2019, a copy of the Answer to Complaint on Behalf of All Defendants, was electronically filed, and served upon:

Julia R. Arfaa, Esquire
2002 Clipper Park Road
Suite 300
Baltimore, MD  21211

    /s/ *Erica C. Mudd*
Erica C. Mudd